Mr. Wooten Epes President Arkansas Development Finance Authority P. O. Box 8023 Little Rock, Arkansas 72203
Dear Mr. Epes:
This is in response to your request for an opinion regarding the liability relationship of the Arkansas Development Finance Authority ("Authority") or a nonprofit corporation created under subsection 5.27 of Ark. Stat. Ann. 13-2905 and the State of Arkansas. You note that your request is made with specific reference to any state statute providing for representation and indemnification of state officials, board members, and employees.
Section 4 of Act 900 of 1987 amends Section 5.00 of Act 1062 of 1985 (codified as Ark. Stat. Ann. 13-2905 (Cum. Supp. 1985)) to add, inter alia, two new subsections. The powers of the Authority now include the following:
 5.27. To create nonprofit corporations, which shall have such purposes and powers as the Board of Directors shall determine, to assist in carrying out the purposes of this Act, and to provide technical, administrative and financial assistance to such nonprofit corporations.
 5.28. To make secured or unsecured loans to, or to guarantee the payment of loans made to, businesses for the purpose of financing the export of goods to foreign countries; provided that the Board of Directors shall first find that a substantial portion of the value of such goods prior to export has been or will be added in the State.
Your request requires a review of several statutory provisions, as well as recently enacted legislation. Ark. Stat. Ann. 12-3401 (Cum. Supp. 1985) provides for the payment of actual, but not punative [punitive] damages by the State where damages are adjudged by a court or entered as a result of a settlement ". . . against officers or employees of the State of Arkansas . . . based on an act or omission by the officer or employee while acting without malice and in good faith within the course and scope of his employment and in the performance of his official duties." If the Attorney General must decline representation because of a conflict of interest, ". . . the State agency for which the officer or employee is employed is authorized to enter into a contract to hire special counsel . . ." See 12-3401. "State officers" are defined under 12-3406 as (e)lected state officials and members of commissions, boards, or other governing bodies of agencies. . . ." Persons claiming indemnification under these provisions (12-3401 — 12-3406) must notify the Attorney General of the complaint or demand for damages and permit the Attorney General to participate in all trial proceedings or settlement negotiations. The Arkansas State Claims Commission has jurisdiction over all such claims. See 12-3405.
Act 805 of 1987 addresses the payment of attorneys fees and court costs. Section 1(a) of the Act defines "State officer" as "elected State officials and members of commissions, boards or other governing bodies of State agencies." "State agency" is defined under Section 1(b) as "any office, department, commission, council, board, bureau, committee, institution, legislative body, or other agency of this State." Section 2 of Act 805 provides in pertinent part as follows:
 (a) Any State officer or State employee who has been subject to a lawsuit based on an act or omission of the officer or employee while acting within the course and scope of the office or employment and in performance of his other official duties shall be entitled to payment from the State for reasonable attorney fees and court costs incurred by the officer or employee in the action if: (1) the Attorney General declined to represent the officer or employee; and (2) the officer or employee acted without malice and in good faith.
The Authority was created under Act 1062 of 1985 as a "state development finance authority." See Ark. Stat. Ann. 13-2902 (Cum. Supp. 1985). It may be concluded that the Authority is a State agency within the meaning of 12-3401 — 12-3406 and Act 805 of 1987, and that its officials, board members and employees may avail themselves of these provisions relating to representation and indemnification.
The answer to your inquiry with respect to a nonprofit corporation created by the Authority under Section 4 of Act 900 of 1987 also turns on the corporation's status as a "State agency" for purposes of the foregoing laws relating to indemnification and representation. The legislative authority for these corporations is stated briefly under Act 900. The Board of Directors of the Authority determines the "purposes and powers" of the corporations, which serve "to assist in carrying out the purposes of (Act 1062 of 1985). . . ."
It cannot be conclusively stated that a nonprofit corporation created by the Authority under Act 900 will qualify as a "State agency" under 12-3401 — 12-346 and Act 805 of 1987. It may be contended that the corporation, in its apparent capacity as an arm of the Authority, is a "governing body" of the Authority within the meaning of 12-3406 and Section 1(a) of Act 805. One might also argue that it falls within the definition of a "State agency" under Section 1(b) of Act 805, which extends to "any office, department, commission, council, board, bureau, committee, institution, legislative body, or other agency of this State."
However, other potential indicators of "State agency" status are unavailable, such as whether the corporation will be subject to the Arkansas Purchasing Law, the Arkansas Administrative Procedure Act, State auditing procedures, or other enactments of the Arkansas General Assembly which are applicable to State agencies. The Legislature has offered no guidance in this regard. For purposes of your request, it must be concluded that this is a "gray area" yet to be resolved as facts present themselves.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.